# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANDREA PATRICOFF,**

        **Plaintiff,**

**-vs-**                                                    **Case No.  6:05-cv-1769-Orl-31KRS**

**HOME TEAM PEST DEFENSE, LLC,**

        **Defendant.**

_____

**DAWN O'MEARA,**

        **Plaintiff,**

**-vs-**                                                    **Case No.  6:05-cv-1770-Orl-31KRS**

**HOMETEAM PEST DEFENSE, LLC,**

        **Defendant.**

_____

## ORDER

These cases were originally filed in state court.  The Complaints (Doc. 2)[1] alleged

violations of the Florida Civil Rights Act, Florida Statute section 760.01, *et seq.*, the Florida

Whistleblower Act, Florida Statute section 448.102, and the Fair Labor Standards Act, 29 U.S.C.

section 201, *et seq.*  On November 11, 2005, the Defendant removed these cases to this Court,

invoking the Court's jurisdiction over federal questions under 28 U.S.C. section 1331, and by

reason of diversity of citizenship under 28 U.S.C. section 1332.  (Doc. 1).  On December 28, 2005,

the Plaintiffs moved to remand the state law claims, contending that the Court should decline to

exercise its supplemental jurisdiction over them because the state law claims predominate.  (Doc.

---

[1] The Document cites are the same in both cases.

19).  The Defendant responded, contending in part that the Court has diversity jurisdiction over the state law claims.  (Doc. 21).

On January 11, 2006, the Court denied the Motions to Remand, but required the Defendant to submit a factual basis supporting its contention that, as of the date of removal, the amount in controversy met the $75,000 monetary threshold.  (Doc. 22).  The Defendant filed its submission on March 13, 2006, (Doc. 33),[2] and the Plaintiffs subsequently responded, (Doc. 41).

Although the parties dispute the amount of damages to which the Plaintiffs may be entitled in terms of back pay and other compensation-related damages,[3] in light of the Plaintiffs' demand for punitive damages which, pursuant to Florida law, may be as much as $100,000,[4] the Court concludes that it is more likely than not that the jurisdictional threshold has been met.  Accordingly, the Court declines to reconsider its prior Order denying the Plaintiffs' Motions to Remand.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 29, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] In its submissions, the Defendant noted that the Patricoff seeks $36,222.40 in back pay and $355.95 in unpaid wages, and O'Meara seeks $46,995 in back pay and $1,856.78 in unpaid wages. Both Plaintiffs seek an unspecified amount of punitive and emotional distress damages.  (Doc. 33 at 2).

[3] The Defendant calculates this amount as at least $36,578.35 (Patricoff) and $48,851.78 (O'Meara), whereas the Plaintiffs calculate those amounts as closer to $10,000 (Patricoff) and $3,700 (O'Meara).

[4] *See* Florida Statute § 760.11(5).