# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANDREA PATRICOFF,**

               **Plaintiff,**

**-vs-**                                    **Case No.  6:05-cv-1769-Orl-31KRS**

**HOME TEAM PEST DEFENSE, LLC,**

               **Defendant.**

_____

**DAWN O'MEARA,**

               **Plaintiff,**

**-vs-**                                    **Case No.  6:05-cv-1770-Orl-31KRS**

**HOMETEAM PEST DEFENSE, LLC,**

               **Defendant.**

_____

# ORDER

Plaintiffs' Complaints (Doc. 2)[1] allege discrimination and retaliation under the Florida

Civil Rights Act, Florida Statute section 760.01, *et seq.* ("FCRA") (Counts I and II), and a

violation of the Florida Whistleblower Act, Florida Statute section 448.102 ("FWBA") (Count III).

In addition, Plaintiffs assert a claim in Count IV for violation of the overtime provisions of the Fair

Labor Standards Act, 29 U.S.C. section 201, *et seq.* ("FLSA").

Defendant moved to compel arbitration and to dismiss or stay these actions pending

arbitration.  (Doc. 25).  Plaintiffs responded, contending that the arbitration agreements signed by

_____

[1] The Document cites are the same in both cases.

Plaintiffs were procedurally and substantively unconscionable and, therefore, unenforceable.

(Doc. 27).  Plaintiffs also allege that the FLSA claim falls outside the scope of the arbitration

agreement.  With the Court's approval, Defendant filed a supplement to its Motion.  (Doc. 40).

Federal policy favors arbitration over litigation, and requires that arbitration clauses be

construed broadly and that all doubts be resolved in favor of arbitration.  *Seaboard Coast Line R.*

*Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982); *see also Nicor Int'l Corp. v. El*

*Paso Corp.*, 292 F. Supp. 2d 1357, 1371 (S.D. Fla. 2003) (noting strong federal policy in favor of

enforcing arbitration agreements).

Plaintiffs signed an agreement to abide by Defendant's ADR policy to resolve

employment-related disputes through arbitration (the "Policy").[2]  (Doc. 25 at 33).  The Policy

contemplates resolution of "work-related discrimination and harassment claims," including

termination-related "retaliation or constructive discharge claims."  (*Id*. at 23).  It also includes

"employment-related tort claims."  (*Id*.).  By way of example, the Policy includes post-termination

compensation claims, including violations of the Family and Medical Leave Act (FMLA) and

---

[2] The Policy specifically provides, in relevant part:

> If the discrimination and harassment claims, disputes, or complaints cannot be resolved
> internally, both CHTS and the employee agree to submit such claims, disputes, or
> complaints for a formal resolution by arbitration through CHTS' Alternative Dispute
> Resolution ("ADR") procedure.
>
> . . .
>
> No legal action can be filed in any court concerning a Dispute, as defined in the ADR
> procedure.

(Doc. 25 at 23-24).

American with Disabilities Act (ADA).  (*Id*. at 24).[3]  Clearly the Policy's language covers the

Plaintiffs' claims under FCRA and FWBA, and thus those claims are subject to arbitration.

The Policy does not specifically mention pre-termination wage-related claims that would

fall under the FLSA.  (*See id*.).  Nor would such a claim fall within the Policy's generalized intent

---

[3] The policy states, in relevant part, that

It is the policy of CHTS that employees should have an opportunity to present their *work-related discrimination and harassment claims*, disputes, or complaints to management, and to appeal those types of management decisions, through a dispute resolution procedure. . . .

. . .

Any employee who feels that he or she has a claim, dispute or complaint regarding *discrimination or harassment in employment, or that his or her termination was based on unlawful discrimination* . . . may file a claim an initiate the arbitration process ....

. . .

An appropriate dispute is defined as an employee's expressed belief concerning any interpretation or application of an employment-related policy . . . was *based on discrimination. Disputes which are directly related to, or arise out of the termination of the employment of the employee by CHTS, including any retaliation or constructive discharge claims are also legitimate claims. Dispute also includes any employment-related tort claims . . . such as negligence, defamation, violation of privacy rights, fraud, or misrepresentation arising from, or relating to the employee's termination of employment. . . . Examples of issues that may be considered appropriate disputes under this policy include:*

    a.    *Treatment considered unfair by an employee, such as coercion, reprisal, harassment, including sexual harassment, intimidation, or retaliation;*

    b.    *Alleged discrimination because of his or her race, color, sex, age, religion, national origin, marital status, disability, or mental or physical handicap, and other claims involving illegal or unlawful termination of employment.*

    c.    *Claims for post-termination compensation, violations of the Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA").*

(Doc. 25 at 23-24) (emphasis supplied).

to include discrimination or harassment claims.  Thus, the Court concludes that Plaintiff's FLSA

claim (Count IV) is outside the scope of the Policy and is thus not subject to compulsory

arbitration.[4]

Conversely, the Court finds that the Policy is not unconscionable.  Florida courts recognize

that the term "unconscionable" as it relates to contracts generally means "shocking to the

conscience," "monstrously harsh," or "to include an absence of meaningful choice on the part of

one of the parties together with contract terms which are unreasonably favorable to the other

party."  *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 283-84 (Fla. 1st DCA 2003)

(internal citations and quotations omitted).[5]  Under Florida law, "[b]efore a court may hold a

---

[4] "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *Multi-Financial Sec. Corp. v. King,* 386 F.3d 1364, 1367 (11th Cir. 2004) (*citing AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986)).

[5] The Federal Arbitration Act ("FAA") provides, in relevant part:

> an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  The Supreme Court has noted that arguments such as the Plaintiffs' unconscionability argument raise choice-of-law issues, and that section 2 of the FAA "provides the touchstone" for choosing between state and federal law principles, as follows:

> An agreement to arbitrate is valid, irrevocable and enforceable, as a matter of federal law . . . save upon grounds as exist at law or in equity for the revocation of any contract.  Thus state law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.

*Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987); *see also Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) ("[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [section 2 of the Federal Arbitration Act]."); *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 431 (5th Cir.

contract unconscionable, it must find that it is *both* procedurally and substantively

unconscionable." *Id.* (emphasis in original); *see also Golden v. Mobil Oil Corp.*, 882 F.2d 490,

493 (11th Cir. 1989). The test for procedural unconscionability examines the manner in which the

contract was entered, and the court must determine whether the complaining party had a

meaningful choice at the time of the contract. *Fonte v. AT&T Wireless Servs., Inc.*, 903 So. 2d

1019, 1025 (Fla. 4th DCA 2005); *Gainesville Health*, 857 So. 2d at 284. The substantive

component focuses on the terms of the agreement itself in order to determine whether those terms

are unreasonable and unfair. *Powertel, Inc. v. Bexley*, 743 So. 2d 570, 574 (Fla. 1st DCA 1999);

*Fonte*, 903 So. 2d at 1025. More specifically, the court must determine whether the terms "are so

outrageously unfair as to shock the judicial conscience." *Gainesville Health*, 857 So. 2d at 284-85

(internal quotations omitted).

The Plaintiffs' arguments in this regard are unavailing. The manner in which they signed

the Policy, based on their employer's representations and allegedly being "rushed," do not render it

procedurally unconscionable. "A party has a duty to learn and know the contents of a proposed

contract before he signs and delivers it and is presumed to know and understand its contents, terms

and conditions." *Sabin v. Lowe's of Fla., Inc.*, 404 So. 2d 772, 773 (Fla. 5th DCA 1981); *see also*

*Am. Home Assurance Co. v. Phineas Corp.*, 347 F. Supp. 2d 1231, 1238 (M.D. Fla. 2004) (person

---

2004) ("[T]he validity of an arbitration provision is a question of state law;" finding district court
correctly applied state law regarding procedural unconscionability); *Cap Gemini Ernst & Young, U.S.,
L.L.C. v. Nackel*, 346 F.3d 360, 365 (2nd Cir. 2003) ("It is clear that questions of contractual validity
relating to the unconscionability of the underlying arbitration agreement must be resolved first, as a
matter of state law, before compelling arbitration pursuant to the FAA."); *In re Southeast Banking
Corp.*, 156 F.3d 1114, 1121 (11th Cir. 1998) ("[A]lthough federal law establishes the enforceability
of arbitration agreements, a court must construe that agreement according to generally applicable
principles of state law.").

who signs a contract is presumed to know its contents).  There is nothing about the Policy that

approaches being "monstrously harsh" or shocking to the conscience, and thus it is not

substantively unconscionable.

Accordingly, it is

**ORDERED** that Defendant's Motion (Doc. 25) is GRANTED, in part.  Prosecution of

Counts I through III is stayed pending arbitration.  The Motion is DENIED as to Count IV.

It is further **ORDERED** that the Court vacates its previous Case Management and

Scheduling Order (Doc. 18).  As to Count IV, the parties shall comply with the Amended Case

Management and Scheduling Order entered this date.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 3, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party